Bancroft *v.* Holton.

A payment made on a general account of many items of existing legal indebtedness, and not expressly applied to any particular items by either of the parties, is presumed to have been applied by them to the oldest items due at the time of the payment, when there is no equity or other evidence tending to show an intention to make a different application.

ASSUMPSIT, on an account of many items. Facts found by a referee. The statute of limitations being pleaded, it became a material question whether a payment made by the defendant, and not expressly applied by either party to any particular items, should be applied, at the date of the writ, to items not then barred by the statute.

*Faulkners & Batchelder*, for the plaintiff.

*Lane & Dole*, for the defendant, cited *Hilton* v. *Burley*, 2 N. H. 193, 196; *Livermore* v. *Rand*, 26 N. H. 85, 91; *Young* v. *Woodward*, 44 N. H. 250, 253.

DOE, C. J. The payment having been made and received on a general account of many items of existing legal indebtedness, without any express application of it by either party to any particular items, the law infers the parties intended a just application at the time of payment. There is no ground for a presumption that they then intended the application should be made at a future time, at the date of the writ in this action. The question is, What was their intention when the payment was made? At that time they did not anticipate this suit. The legal presumption is, that they applied the payment to the oldest items due at the time of the payment, there being no equity or other evidence tending to show an intention to make a different application. *Parks* v. *Ingram*, 22 N. H. 283, 295; *Thompson* v. *Phelan*, 22 N. H. 339, 350.

*Case discharged.*

CLARK, J., did not sit: the others concurred.