DURKEE *v.* MOSES *& a.*

COSHLAND *& a. v.* SAME.

BOEHM *v.* McINTIRE.

General Laws, *c.* 109, *s.* 18, making penal the solicitation or taking of orders in this state for the delivery of liquors in another state, with knowledge or reasonable cause to believe they are to be brought within this state and sold here in violation of law, is a regulation of commerce among the states without the permission of congress, and must, in accordance with the judgment of the federal supreme court, be declared void.

The price of liquors sold and delivered in another state, where such sale is lawful, upon orders obtained in this state in violation of such statute, may be recovered in this state.

*Dunbar* v. *Locke*, 62 N. H. 442, and *Jones* v. *Surprise*, 64 N. H. 243, overruled.

ASSUMPSIT, for intoxicating liquors sold and delivered. Facts agreed. The plaintiffs are wholesale liquor dealers in Boston and New York, and the defendants are retail dealers in this state. A part of the liquors, for which recovery is sought in the first suit, was ordered by the defendants in Boston and delivered there, the plaintiffs knowing that the liquors were to be sold at retail in violation of the laws of this state; and in the third suit, a part was ordered by the defendants, by a letter addressed to the plaintiffs in New York and delivered there, with the same knowledge as to the sale thereof. The balance of the liquors for which these suits were brought was delivered to common carriers in Boston and New York, to be transported to the defendants in this state under orders given by the defendants to the plaintiffs' agents while in

this state, said agents knowing, or having reasonable cause to believe, that the liquors would be transported to this state and sold in violation of the laws thereof. The liquors were bought by the defendants and transported to this state in 1887, 1888, and 1889.

*Reuben E. Walker*, for the plaintiffs.

*Daniel B. Donovan* and *Albin & Martin*, for the defendants.

CARPENTER, J. The plaintiffs are entitled to recover for the liquors ordered by the defendants and delivered to them in Boston and New York. Their mere knowledge of the defendants' purpose to bring the liquors into this state and sell them here in violation of law does not make the contract invalid. *Hill* v. *Spear*, 50 N. H. 253; *Fisher* v. *Lord*, 63 N. H. 514.

The rest of the liquors were delivered by the plaintiffs in New York and Boston upon orders taken of the defendants here by the plaintiffs' agents, who knew or had reasonable cause to believe the liquors would be brought here and sold in violation of law.

"If any person shall, within this state, solicit or take any order for any spirituous liquor, to be delivered at any wharf, depot, or other place without this state, knowing or having reasonable cause to believe that if so delivered the same will be transported to this state and sold in violation of the laws thereof, he shall be fined," etc. Gen. Laws, *c.* 109, *s.* 18. In *Dunbar* v. *Locke*, 62 N. H. 442, it was held that the vendor of liquors sold upon orders taken by his agents in violation of this statute cannot in our courts recover the contract price; and this decision was affirmed in *Jones* v. *Surprise*, 64 N. H. 243.

It was not claimed or suggested in either case that the statute was in conflict with the provision of the federal constitution authorizing the congress to regulate commerce among the states, and the question was not considered. The reason the plaintiffs did not move the question was doubtless because they understood the validity under the federal constitution of a state statute prohibiting within its borders the sale in the original package by the importer of spirituous liquors imported from other states, or otherwise discouraging or restricting the importation of such liquors from other states, to be established conclusively by the decisions of the federal supreme court. In *Brown* v. *Maryland*, 12 Wheat. 419, it was held that a state can impose no restrictions upon the sale in the original package by the importer of goods imported from foreign countries under the authority of congress; and in *Pierce* v. *New Hampshire*, 5 How. 504, it was held that a state may prohibit the sale in the original package by the importer of spirituous liquors imported from another state, on the ground, among others, that congress had not exercised its

power under the constitution to regulate interstate commerce as it had foreign commerce. In other words, the sale in the original package by the importer of liquors imported from foreign lands could not, while the like sale of liquors imported from other states could, be subjected by state laws to restriction or prohibition. Hence " the sale or keeping for sale by the importer thereof, in the original casks or packages in which it was imported, of foreign spirituous or intoxicating liquor imported under the authority of the laws of the United States " was excepted from the operation of the prohibitory liquor law first enacted in 1855, while such sale or keeping for sale of liquors imported from other states was not excepted. Laws 1855, *c.* 1658, *s.* 1; G. S., *c.* 99, *s.* 24; Gen. Laws, *c.* 109, *s.* 30.

The judgment in *Pierce* v. *New Hampshire* is distinctly overruled in *Leisy* v. *Hardin*, 135 U. S. 100. It is there held that a state statute prohibiting or restricting the sale by the importer in the original packages of liquors brought from another state is an infringement of the clause in the federal constitution which empowers congress to regulate commerce among the states, and therefore is void. By this decision state legislatures and courts are concluded. Under it the defendants had a legal right to buy liquors in other states as well as in foreign countries, bring them into this state, and here sell them in the original package. Of this right state legislation could not deprive them. The statute making penal the solicitation or taking of orders in this state for the delivery of liquors in another state, with knowledge or reasonable cause to believe they are to be brought here and sold in violation of law, was intended to have and has had the effect to prevent or to discourage and restrict commerce in liquors between citizens of this and other states. *Jones* v. *Surprise*, 64 N. H. 243, 246. It regulates commerce among the states without the permission of congress, and must therefore, in accordance with the judgment of the federal supreme court, be declared void.

The transactions in question were had in 1887, 1888, and 1889, and are not affected by the act of congress passed August 8, 1890. *In re Rahrer*, 140 U. S. 545.

It is not necessary to consider the question whether the statute is invalid for the reason that it discriminates against the citizens of other states. *Voight* v. *Wright*, 141 U. S. 62.

*Judgment for the plaintiffs.*

BLODGETT, J., did not sit : the others concurred.