Merrimack,  
 June, 1894.

### JONES & *a. v.* SANBORN.

ASSUMPSIT, for the sale of liquor in 1887–88, delivered in Boston, Mass., and transported into this state in the unbroken packages in which it left Boston, the plaintiff knowing that the defendant bought the liquor in Boston for the purpose of selling it in this state in violation of the statute.    Verdict for the plaintiffs. Defendant excepted.

*Albin & Martin,* for the plaintiffs.

*James E. Barnard* and *Fabius E. Elder,* for the defendant.

WALLACE, J.   The decision in *Durkee* v. *Moses,* 67 N. H. 115, controls this case.

*Exception overruled.*

SMITH, J., did not sit : the others concurred.

---

Hillsborough,  
 June, 1894.

### WHITTEN *v.* STOCKWELL & *a.*

*Per Curiam.*[*]   At the close of the evidence the plaintiff moved to amend his declaration, and the defendants moved for a nonsuit.   Without passing upon the plaintiff's motion, the court ordered a nonsuit, which is to be set aside if the plaintiff's motion should have been granted.   It is apparent that the nonsuit was ordered upon the ground that the relation of master and servant, as alleged in the declaration, did not exist between the parties.   But the ruling of the court did not amount to a finding that there was no evidence of the defendants' liability on some other ground.   It is inferred from the reported facts that there was evidence of their liability under the rule announced in *King* v. *Railroad,* 66 N. Y. 181, which both parties regard as the correct rule, and the plaintiff's motion should have been granted.

*Nonsuit set aside.*

BLODGETT, J., did not sit : the others concurred.

*Sulloway & Topliff* and *John H. Riedell,* for the plaintiff.

*Frank G. Clarke* and *Charles H. Burns,* for the defendants.

[*] See foot-note on page 22.