Merrimack,
June, 1894.

## DOHERTY & a. v. COTTER.

The sale of spirituous liquors in this state in the original packages in which they were brought from another state is valid, in the absence of any act of congress relating thereto, notwithstanding the statute of this state prohibiting the sales.

A payment made on a general account and not applied to particular items is presumed to apply to the oldest items due, unless there is reason to infer a different intention.

ASSUMPSIT, for spirituous liquors sold and delivered. Facts found by the court. The specification contained charges amounting to $577, and credits of $434. The action was brought to recover the balance of $143. The plaintiffs introduced evidence as to sales on August 21, September 8, and September 20, 1888, the charges aggregating $221. They offered no evidence as to the other items, except the fact that they had sold the defendant liquors prior to August 21, 1888. The defendant introduced no evidence.

The plaintiffs resided in Massachusetts, and the defendant at Concord, in this county. The liquors included in the charges of August 21 and September 20 were sold and delivered at Concord. The other package was sold and delivered at Boston, Massachusetts. All the liquors were delivered to the defendant in the same unbroken packages in which they left Boston.

The defendant moved for a nonsuit, also for a verdict, on the ground that, the sale and delivery having been made at Concord, the plaintiffs were guilty of a violation of the statute, and were denied a remedy by our court; also, upon the ground that the credits were larger than the price of the goods sold on the foregoing dates. The defendant excepted to a denial of the motion, and to a verdict for the plaintiffs of $143, with interest from the date of the writ.

*Joseph S. Matthews*, for the plaintiffs.

*Albin & Martin*, for the defendant.

BLODGETT, J. The questions arising upon the sale and delivery of the liquors were decided adversely to the defendant in *Durkee* v. *Moses*, 67 N. H. 115; and the remaining question, as to the application of the credits on the plaintiffs' specification, was likewise so decided in *Bancroft* v. *Holton*, 59 N. H. 141.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.