Grafton, }
May 1, 1923. }

CHICKERING & SONS DIVISION AMERICAN PIANO CO., INC., *v.*
HARRY B. JACKSON.

A foreign corporation which after soliciting business in this state sells and delivers goods in a foreign state to a citizen of this state is not "doing business in this state" within the meaning of Laws 1913, *c.* 187.

ASSUMPSIT. Trial by jury and verdict for the plaintiffs.

Transferred by *Sawyer,* J., on the defendant's exception to the denial of his motion to dismiss because the plaintiffs had not complied with Laws 1913, *c.* 187.

*Scott Sloane,* for the plaintiffs.

*Fred A. Jones,* for the defendant.

YOUNG, J. The plaintiffs sent an agent to Lebanon who made an agreement with the defendant by the terms of which he was to pay $2,500 for an ampico piano installed in his residence in Lebanon provided he was satisfied with it when he saw it.

He went to Boston a few days later, saw the piano, was satisfied with it and it was then and there set aside as his property. Notwithstanding the plaintiffs sent an agent to Lebanon to sell the defendant a piano, the sale was not made there, but in Boston. Consequently, Laws of 1913, *c.* 187 does not apply; for so far as

appears the plaintiffs have not done any business in this state except to try to sell the defendant a piano. Whether they would have been doing business here within the meaning of that chapter if they had installed the piano in the defendant's residence, need not be considered.

It is enough, in so far as that agreement is concerned, to say they have not installed the piano. In fact so far as appears, the only business the plaintiffs have ever done in this state is to talk to the defendant about buying a piano and that is something they could legally do even though that was one of the things the legislature intended to forbid when it enacted c. 187. *Durkee* v. *Moses*, 67 N. H. 115; *Lynch* v. *Stott*, 67 N. H. 589; *Corbin* v. *McConnell*, 71 N. H. 350.

*Exception overruled.*

All concurred.